UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN DAVID DANIEL,

        Plaintiff,

v.                              Case Number: 2:08-CV-14076

MARK HACKEL, ET AL.,

        Defendant.
                                  /

**ORDER CONSTRUING PLAINTIFF'S "*PRO SE* OBJECTIONS TO ORDER
OF SUMMARY DISMISSAL . . ." AS A "MOTION FOR RELIEF UNDER
FEDERAL RULES OF CIVIL PROCEDURE . . ." AND DENYING THE MOTI0N**

Plaintiff Allen David Daniel filed a civil rights complaint under 42 U.S.C. § 1983 on September 23, 2008. The court dismissed Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because he failed to state a claim upon which relief may be granted. (*See* 11/13/08 Order.) Now before the court is Plaintiff's pleading, entitled "*Pro Se* Objections to Order of Summary Dismissal and that Prior Orders, Judgments Are Based on Structural Errors, Obstruction Justice by State Actors," which the court construes to be a motion requesting relief from the Order of Summary Dismissal.

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

In his September 23, 2008 complaint, Plaintiff named as Defendants the Macomb County Sheriff Mark Hackel, and seventeen employees of the Macomb County Sheriff's office.  Plaintiff claimed that, while he was incarcerated the Macomb County Jail, Defendants interfered with his legal mail and right of access to the courts by confiscating his outgoing and incoming legal mail, denying him access to the law library, and confiscating legal documents in his possession.  He also alleged that some Defendants restricted his access to the courts because they were angered by previous lawsuits filed by Plaintiff.

Prior to his September 23, 2008 complaint, Plaintiff filed at least one complaint under § 1983, alleging the same injury occurring over the same time period as that alleged in the September 23, 2008 complaint.  *See Daniel v. Hackel, et al.*, No. 2:08-cv-14000.  In addition, all but one of the Defendants named in the September 23, 2008 complaint were named as defendants in the prior action.  The prior action was dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).  The present action raised claims which were litigated or could have been litigated in the prior action, and both complaints arose from the same set of facts. The court, therefore, held that the claims were barred by *res judicata* and dismissed the September 23, 2008 complaint.

Plaintiff has now filed "*Pro Se* Objections to Order of Summary Dismissal and that Prior Orders, Judgments Are Based on Structural Errors, Obstruction Justice by State Actors."  The court construes the pleading as a "Motion for Relief Under Federal Rules of Civil Procedure 8, 11, 37, 41, 42, 52, 54, 58, 59 and 60," as Plaintiff himself references these Rules.  Citing these ten Federal Rules of Civil Procedure, Plaintiff

argues that the court's Order of Summary Dismissal should be reconsidered, voided, or dismissed.  Only three of the Federal Rules of Civil Procedure cited by Plaintiff, Rules 52, 59, and 60, have arguable relevance to the relief sough in this pleading.  However, relief is not warranted under any of these rules.

Rules 52, 59, and 60 are not a means for relitigating issues already presented to and ruled upon by the court.  *See Evans v. Tiffany & Co.*, 416 F. Supp. 224, 244 (N.D. Ill. 1976); *see also* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2582 (2d ed. 1995) ("[Rule 52(b) is] not intended merely to relitigate old matters nor are such motions intended to allow parties to present the case under new theories"); *Nagle Industries, Inc. v . Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (quoting *Keweenaw Bay Indian Cmty. v. United States*, 940 F. Supp. 1139, 1141 (W.D. Mich. 1996)) ("[Rule 59] motions . . . are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'"); *McNeil v. U.S.*, 113 F. App'x 95, 97-98 (6th Cir. 2004) ("A Rule 60(b) motion may be denied if it is merely an attempt to relitigate previously decided issues.").

Plaintiff fails to show that the judgment was the result of a mistake, fraud, a palpable defect, or any other error for which relief would be warranted under Rules 52, 59, or 60.  He simply disagrees with the court's decision, which is an insufficient basis to warrant relief from the Order of Summary Dismissal.  Therefore, the court will deny Plaintiff's motion.

For the reasons stated above, IT IS ORDERED that Plaintiff's pleading, entitled "*Pro Se* Objections to Order of Summary Dismissal and that Prior Orders, Judgments Are Based on Structural Errors, Obstruction Justice by State Actors" [Dkt. # 6], is construed as a "Motion for Relief Under Federal Rules of Civil Procedure 8, 11, 37, 41, 42, 52, 54, 58, 59 and 60," and is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: April 10, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 10, 2009, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522